**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.                                                            No. 00-2160

CRAIG CLYMORE,

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-96-763-JC/RLP)

Submitted on the briefs:

Norman C. Bay, United States Attorney, Stephen R. Kotz, Assistant United States
Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

Craig Clymore, pro se.

Before **BRORBY** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

**PER CURIAM** .

Craig Clymore appeals for the second time from the dismissal with prejudice of his claims made pursuant to Federal Rule of Criminal Procedure 41(e) for return of property administratively forfeited in federal proceedings. Our jurisdiction arises under 28 U.S.C. § 1291, and we reverse. [1]

## I.  Background facts and proceedings

The factual history of this case is well documented in *Clymore v. United States*, 164 F.3d 569 (10th Cir. 1999), and need not be repeated here. There, in reversing summary judgment granted in favor of the government, we held that constitutionally ineffective notice voided certain DEA and United States Customs administrative forfeitures as to Mr. Clymore. *Id.* at 573-74. We vacated the forfeitures as to him, and because the five-year statute of limitations for filing forfeiture proceedings against Mr. Clymore had run we remanded the case for further proceedings, including a determination whether the government had any defenses to the operation of the statute of limitations. *Id.* at 574 ("Where obvious statute of limitations problems exist, we think the offending forfeiture should be vacated and the statute of limitations allowed to operate, subject, of course, to any available government arguments against it.").

---

[1]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

On remand, the district court adopted the magistrate judge's report concluding that the statute of limitations should be equitably tolled from the date of the administrative forfeitures until the date this court found the forfeitures to be constitutionally defective. *See* R. Doc. 55 (Findings and Recommended Disposition), at 2. The court again granted summary judgment in favor of the government and dismissed Mr. Clymore's claims with prejudice.

## II. Discussion

A. Whether equitable tolling is available in forfeiture actions.

The question of whether equitable tolling is legally permissible under 19 U.S.C. § 1621[2] is one of law that we review *de novo. See Dang v. UNUM Life Ins. Co. of Am.*, 175 F.3d 1186, 1189 (10th Cir. 1999). Mr. Clymore first argues that applying the doctrine of equitable tolling to allow the government to attempt a second bite of the apple after it failed to serve constitutionally adequate notice within the statutory time period is *per se* manifestly unjust. We disagree. It is appropriate to apply equitable tolling to any statute of limitations "where

---

[2]    Section 1621 provides that "[n]o suit or action to recover any . . . forfeiture of property . . . shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered . . . except that . . . . (2) the time of the absence from the United States of the person subject to the . . . forfeiture, or of any concealment or absence of the property, shall not be reckoned within the 5-year period of limitation."

-3-

consistent with congressional intent, and called for by the facts of the case."
*Bowen v. City of New York*, 476 U.S. 467, 479 (1986).

Mr. Clymore next argues that, because § 1621 expressly provides for tolling during the absence or concealment of the property or person, *see* § 1621(2), it is contrary to Congress's intent to judicially approve of other circumstances in which tolling may be appropriate. Again, we disagree. The statute does not state that it is inappropriate to toll the period in any other circumstance. We therefore conclude that equitable tolling is not inconsistent with congressional intent [3]. *Cf. Bowen*, 476 U.S. at 480 (finding equitable tolling appropriate when statute provided for tolling in some circumstances and the tolling at issue was "nowhere eschewed by Congress") (quotation omitted).

B. Whether the government waived equitable tolling.

Mr. Clymore argues that equitable tolling is not available to the government because it did not plead the defense until after this court voided the administrative forfeitures. We agree with the government, however, that our January 6, 1999 order (remanding the case for further proceedings and consideration of any other

---

[3] Congress has now expressly declared that if an administrative forfeiture is judicially set aside for failure to provide adequate notice to an alleged owner, the government may commence a subsequent forfeiture proceeding as to the interest of that claimant "[n]otwithstanding the expiration of any applicable statute of limitations." Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 2000 U.S.C.C.A.N. (114 Stat.) 208 (to be codified at 18 U.S.C. § 983(e)(2)(A)).

equitable defenses) permitted consideration of the defense. Reversal of a summary judgment simply returns the parties to their litigation status before summary judgment was granted.

C. Whether the court properly applied equitable tolling.

Mr. Clymore argues that the district court erred in applying equitable tolling under the facts of this case. Because the application of equitable doctrines rests in the sound discretion of the district court, its decision will not be disturbed on appeal absent a showing of abuse of discretion. *Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 861 (10th Cir. 1996).

The court found that the government's five-year statute of limitations for forfeitures had run by the time Mr. Clymore filed his Rule 41(e) motion for return of property. Mr. Clymore first argues that the district court abused its discretion in applying equitable tolling because it relied on a finding that is clearly erroneous. It is undisputed that the statute of limitations did not run until November 1996. It is also undisputed that Mr. Clymore brought his action for return of the items in June 1996, alerting the government to the fact that he had not received timely notice of the administrative forfeitures. Although Mr. Clymore filed his motion for return of property five months before the five-year statute of limitations expired, the magistrate judge stated that Mr. Clymore's motion was brought *after* its expiration. *See* R. Doc. 55, at 1.

This finding formed the basis of the court's recommendation to apply equitable tolling, as shown by its reliance on *United States v. $57,960.00 in United States Currency*, 58 F. Supp. 2d 660 (D.S.C. 1999). Thus, the district court abused its discretion in relying on a mistake of fact on which to base equitable tolling.

Mr. Clymore next argues that, as a matter of law, the government should not be allowed to rely on equitable tolling to salvage its failure to give him notice of the forfeitures. He argues that the government knew that its notices of forfeiture were returned undelivered, that he was in federal custody, and that he had written letters inquiring about the property further alerting the government to the fact that he was unaware of the forfeitures long before the statute of limitations had run. He points out that, instead of immediately filing judicial forfeiture proceedings within the statute of limitations after it received his Rule 41(e) motion, the government chose to argue that Mr. Clymore had no standing to challenge the administrative forfeitures and that his claim was barred by laches. He argues that these facts will not form a basis for equitable tolling.

> Federal courts have typically extended equitable relief only sparingly. We have [however] allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). In civil actions, this court has applied equitable tolling when the defendant's conduct rises to the level

of active deception; where a plaintiff has been lulled into inaction by a defendant, and "[l]ikewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights." *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996) (action under Title VII) (quotations omitted); *see also Johnson v. United States Postal Serv.*, 861 F.2d 1475, 1481 (10th Cir. 1988) (holding that equitable tolling may be appropriate where a petitioner has been deceived by an incorrect representation by an adversary, court, or agency).

Another situation in which equitable tolling may apply is when extraordinary circumstances make it impossible for the plaintiff to file his or her claims within the statutory period. *See Hanger v. Abbott*, 73 U.S. (6 Wall.) 532, 542 (1867) (finding extraordinary circumstances tolling statute of limitations where courts in southern states were closed during Civil War). Here, the government asserts that it did not immediately file judicial forfeiture proceedings between June and November 1996 because it needed time to "retrieve numerous records, some of which had been destroyed and some of which were incomplete" and because Mr. Clymore's allegations "involved seizures made by different agencies in different jurisdictions . . . [and] property had been forfeited in both federal and state administrative and judicial proceedings." Appellee's Br. at 13. This is the same "laches" argument that the district court rejected below.

*See* R. Doc. 55, at 5. The district court made no findings regarding whether the government knew that Mr. Clymore had not been served with notice of the administrative forfeiture or whether it was reasonable for the government to fail to timely commence judicial forfeiture proceedings after it became aware that Mr. Clymore challenged the administrative forfeitures. Although it does not appear that equitable tolling would apply on the facts presented to this court, on remand, the district court should, based on undisputed facts, conduct an equitable estoppel analysis consistent with our common law.

D. The effect of a voided administrative forfeiture.

Finally, we address what proceedings on remand are appropriate when a Rule 41(e) or equitable civil motion involves property confiscated during an arrest for drug smuggling for which the defendant/claimant is later convicted, the administrative forfeiture of that property is later voided, and the statute of limitations for forfeiture proceedings has run. Mr. Clymore argues that such a situation *automatically* requires that instrumentalities of crime (the airplane used to transport 745 pounds of marijuana and the air-to-ground radio in question) and derivative contraband (the almost two million Mexican pesos and $4,500 in United States currency found in a bag in the back of the airplane) be turned over to whomever claims to be entitled to lawful possession. Again, we disagree.

"[N]o property right shall exist" in illegal drugs, proceeds from selling illegal drugs, or property used to enable the illegal smuggling of drugs into this country. 21 U.S.C. § 881(a) (1999). Such property is not subject to a state statutory or common-law right of replevin. *Id.* § 881(c). The government has the right to confiscate and maintain custody over that property "subject only to the orders and decrees of the court or the official having jurisdiction thereof." *Id.*

At the time the government takes possession of property used to commit drug offenses, it holds an unperfected right to title to it, and ownership will retroactively vest in the government from the time the illegal act was committed upon a judicial quieting of title to the property in favor of the government. *See id.* § 881(h); *cf. United States v. Stowell*, 133 U.S. 1, 16-17 (1890) (explaining that "forfeiture takes effect immediately upon the commission of the [illegal] act; the right to the property then vests in the United States, although their title is not perfected until judicial condemnation"); *Hatzlachh Supply Co. v. United States*, 7 Cl. Ct. 743, 749 (1985) (customs case holding that seizure of goods illegally brought into the United States "gave [the United States] unperfected right to title, subject only to judicial determination") (quotation omitted). There are only two categories of owner that may have a superior interest to the government in § 881(a) property when the nexus between the property and the crime has been conclusively established at the criminal trial: one whose constitutional

right against an illegal search and seizure has been offended, *see* Rule 41(e);

*Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988) (stating that

Rule 41(e) "requires a showing of an illegal seizure"), or an innocent owner,

*see* § 881(a)(4)(A)-(C) [4]; *United States v. A Parcel of Land*, 501 U.S. 111, 128

(1993) (explaining that § 881(h) "applies only to property which is subject to

civil forfeiture under section 881(a). Under § 881(a)(6), the property of one who

can satisfy the innocent owner defense is not subject to civil forfeiture.") The

government, however, does not have to quiet title to § 881(a) property only

through civil forfeiture proceedings. It can also obtain quiet title to contraband,

derivative contraband, and proceeds of criminal activity in a criminal proceeding.

*See id.* § 853. Or, as in the case at hand, the government may be awarded quiet

title to confiscated property in a civil equitable proceeding based upon a Rule

41(e) or equitable civil motion brought by one who alleges a lawful right to

possession. In other words, just because the statute of limitations has run on the

government bringing an action to quiet title in the property by using forfeiture

proceedings, that does not mean that the district court cannot rule in favor of the

government on Mr. Clymore's attempt to equitably recover the property seized

---

[4]     With the passage of the Civil Asset Forfeiture Reform Act of 2000, subsections (A)-(C) of § 881(a)(4) were stricken and the "innocent owner defense" is to be codified at 18 U.S.C. § 983(d). Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 2000 U.S.C.C.A.N. (114 Stat.) 210, 206.

during his arrest. To hold otherwise would give criminal defendants a conclusively presumptive property right in the fruit of their criminal conduct even if it was properly seized, a result clearly prohibited by § 881. It would also foreclose judicial consideration of whether Mr. Clymore met his separate burden of proof required in his civil equitable action based upon Rule 41(e).

The government's penalties for failing to timely file proper forfeiture proceedings include (1) losing the benefit of the opportunity to perfect its right to title by using the statutory shortcuts, presumptions, and statutory burdens of proof and (2) losing the *res judicata* effect of the administrative forfeiture. For example, if the government had properly invoked its statutory remedy of administrative forfeiture and no one with a claim to the property had objected, it could have quickly gained permanent title to the property without any judicial action and without meeting any evidentiary burdens. *See* 19 U.S.C. § 1609 (providing for administrative forfeiture if no objection after twenty days of notice to potential claimants); 21 C.F.R. § 1316.79 (timely filing for remission or mitigation stops administrative forfeiture and matter is transferred to U.S. attorney for judicial forfeiture proceedings). Further, the burden of proof upon the claimant and available presumptions are different in a forfeiture action than in a Rule 41(e) or equitable civil action. In a forfeiture action, if the government establishes that it had probable cause to seize the subject property, "the claimant

-11-

bears the burden of proving that the requested forfeiture does not fall within the four corners of the statute [and i]f no such rebuttal is made, a showing of probable cause alone will support a judgment of forfeiture." *United States v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two and 43/100 Dollars ($149,442.43) in United States Currency*, 965 F.2d 868, 876 (10th Cir. 1992) (citations omitted).  A claimant in a Rule 41(e) or equitable civil proceeding, on the other hand, must prove only a right to lawful possession of the property and an equitable right to its return, and no presumptions exist in favor of the government.  As the Third Circuit has explained:

> If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property.  Generally, a Rule 41(e) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.  The burden shifts to the government when the criminal proceedings have terminated.  At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property.  The government may meet this burden by demonstrating a cognizable claim of ownership or right to possession adverse to that of the movant.

*United States v. Chambers*, 192 F.3d 374 (3d Cir. 1999) (citations and quotations omitted).  The court must always bear in mind, however, that Rule 41(e) or an equitable civil motion for return of property used in drug offenses is confined by property rights defined in § 881.  If the government shows that the character of

the property has already been conclusively established as § 881(a) property in either a forfeiture action or a criminal proceeding, or can prove that the property is § 881(a) property at the Rule 41(e) hearing, notwithstanding any other constitutional challenges, *see, e.g., Austin v. United States*, 509 U.S. 602, 622 (1993), only an innocent owner may qualify as one entitled to lawful possession of the property.

We are aware of an unpublished order stating that if the statute of limitations has run, the district court must return administratively forfeited property to the criminal defendant. That case is factually distinguishable because the property seized by the government was not taken during the criminal defendant's arrest or conclusively connected with illegal drug activity at the defendant's trial. The panel relied upon our published opinion in *Clymore I* in assuming that the property had to be returned if the administrative forfeiture was declared invalid. We did not hold in *Clymore I*, however, that property associated with a void administrative forfeiture automatically had to be returned to Mr. Clymore if the government could not proceed with another forfeiture action. Disagreeing with a Second Circuit opinion that an administrative forfeiture accomplished without adequate notice is only voidable, we held that such a forfeiture is void. We further stated that a court may not proceed to the merits of a void forfeiture. *Clymore I*, 164 F.3d at 574.

-13-

As discussed above, deciding the merits of a forfeiture proceeding is not the same as determining whether a claimant under Rule 41(e) (or an equitable civil action based on that Rule) has met his burden. In addition, "[c]ourts have little discretion in forfeiture actions," *United States v. $3,799.00 in United States Currency*, 684 F.2d 674, 677 (10th Cir. 1982), while a court hearing a motion for return of property has the discretion afforded courts in all equitable proceedings. In a Rule 41(e) (or equitable, civil) hearing, if the administrative forfeiture is declared void and without *res judicata* effect, the court's inquiry must then focus on whether the claimant has met his burden to establish that he is both lawfully and equitably entitled to return of the property. *See Floyd*, 860 F.2d at 1002 ("a motion for return of property, whether based on Rule 41(e) or a court's general equitable jurisdiction, is governed by equitable principles"); Fed. R. Crim. P. 41(e) (providing that motion may be brought by persons "entitled to lawful possession of the property" who have been "aggrieved by an unlawful search and seizure or by the deprivation of property"); *cf. United States v. Estep*, 760 F.2d 1060, 1063-65 (10th Cir. 1985) (affirming, in Rule 41(e) civil equitable proceeding, district court's award of money used as evidence of crime to subrogee of bank even though bank could not conclusively trace money as that taken from its night deposit box, and stating that subrogee could also prove an equitable right to the money by showing by preponderance of evidence that

-14-

neither acquitted criminal defendant nor last possessor of money, who both also asserted entitlement to money, held the money lawfully, thus bank held better claim of right).

While there have been no findings on the matters, it appears that there is no question that the airplane, air-to-ground radio, and money confiscated at the time of Mr. Clymore's arrest were used or intended to be used to purchase and transport illegal controlled substances and were therefore properly in the possession of the government as § 881(a) property. As such, even though the government failed to properly perfect its right to title through its administrative forfeiture proceedings, under § 881(c) this property could be disgorged from the custody of the government only by a judicial or administrative order concluding that the property should be returned to an innocent owner or one aggrieved by an illegal seizure.

Thus, after we held in *Clymore I* that the administrative forfeitures were void, the district court had before it a party with statutorily-permissible legal possession of, but an unperfected right to title to, what appears to be derivative contraband and instrumentalities, and a claimant alleging a right to lawful possession and the equitable right to return of that property. The court may still quiet title to the property in favor of the government as to Mr. Clymore in a properly-supported motion for summary judgment. *Cf. Kadonsky v. United States*,

-15-

216 F.3d 499, 507 (5th Cir. 2000) (holding that even after administrative forfeiture was declared void for lack of adequate notice and the statute of limitations for judicial forfeiture had run, the government's counterclaim to Rule 41(e) motion was a timely claim for recoupment that "merely allows the government to make the argument that [the criminal defendant] has no right to the [improperly] forfeited funds"), *cert. denied,* 121 S. Ct. 1151 (2001). However, in order to do so, it must determine that no genuine issues of material fact exist regarding the character of the property as § 881(a) property, Mr. Clymore's status as an innocent owner, and the legality of the government's seizure and possession.

In this regard, Mr. Clymore is not unduly prejudiced by the government's failure to properly notice him of the administrative forfeiture proceedings. It is undisputed that Mr. Clymore knew that the government seized the property at issue at the time of his arrest. He could have "trigger[ed] a rapid filing of a forfeiture action" by filing his Rule 41(e) motion immediately in order to obtain a speedy resolution regarding where title of such property should ultimately vest. *Floyd,* 860 F.2d at 1004 & n.5 (quotation omitted).

Therefore, if the district court finds that the government is not entitled to equitable tolling on its right to commence judicial forfeiture proceedings, the court must then resume its inquiry on the other issues raised in the government's

current summary judgment motion and, ultimately, on the substantive merits of Mr. Clymore's motion for return of property.

The judgment of the United States District Court for the District of New Mexico is **REVERSED**, and the matter is remanded for further proceedings consistent with this opinion.