# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-1695

JANET S. EVANS,                                                    APPELLANT,

     V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                     APPELLEE.

Before KRAMER, *Chief Judge*, and STEINBERG and GREENE, *Judges.*

**O R D E R**

The question before the Court is whether the appellant has filed a timely Notice of Appeal (NOA) so as to give the Court jurisdiction over this appeal.

On September 27, 2001, the Court received both the original and a photocopy of the then-pro se appellant's NOA from a May 25, 2001, Board of Veterans' Appeals (BVA or Board) decision. The photocopied NOA, according to the Clerk of the Court (Clerk), was received in the morning of September 27, 2001, from the Department of Veterans Affairs (VA) Office of the General Counsel (GC) (a fact that was noted on that document); was stamped as the "original" because it was the only NOA in the Court's Public Office (PO) at that time; and provided the basis for opening the PO case file and docket. According to the Clerk, the second NOA received was the original (although it was stamped as a "copy" because it was received after the case had been opened in the morning of September 27, 2001) and was filed in the PO case file; however, the cover in which it was received was mistakenly not retained for filing in the PO file. The PO daily incoming mail log for September 27, 2001, shows receipt, inter alia, on that date of an NOA for this case. According to the Clerk, this log entry recorded receipt of the second NOA [hereinafter referred to as the original NOA] received that day because copies received from the VAGC are not recorded on that log.

According to the Clerk, upon investigation he has determined that the envelope that had contained the original NOA mistakenly was discarded by a PO staff member. Both the original NOA and the photocopy were stamped received on September 27, 2001. If filed on September 27, 2001, an NOA would be untimely as to the BVA decision of which review is sought in this case. *See* 38 U.S.C. § 7266; U.S. VET. APP. R. 4(a).

The Court's PO file also contains a certified mail receipt from the U.S. Postal Service (USPS) showing a mailing to "Clerk, US Court of Appeals for Veterans Claims[,] 625 Indiana Ave NW Suite 900[,] Washington, DC 20004", the Court's correct address; that certified mail receipt bears a date-stamp notation that the mailing occurred on September 22, 2001. Furthermore, the PO file contains

a return-receipt card acknowledging the Court's receipt of the item mailed. The appellant on January 14, 2002, submitted via facsimile that certified mail receipt and return-receipt card to the Court and later resubmitted those documents, through counsel, as part of an exhibit attached to a March 1, 2002, pleading. According to the Clerk, the return-receipt card bears, in the "received" box, the signature of a member of the Court's PO staff accepting receipt of the mailed item for the Court on September 27, 2001. The Court's PO file also contains a USPS sales receipt that itemizes the postage cost for two separate mailings and is time-stamped 11:04:01 AM and dated September 22, 2001. The sales receipt indicates that two items were mailed via certified mail on that date. One item is identified as certified mailing number 70010320000127225743 (the envelope addressed to VAGC also bears that number), and another item is identified as certified mailing number 70010320000127225729, which is the same number found on the certified mail receipt bearing the Court's address and on the return-receipt card signed by a member of the Court's PO staff.

On January 28, 2002, counsel entered an appearance on behalf of the appellant. On January 29, 2002, the appellant filed, through counsel, a motion for a stay of proceedings until March 1, 2002. On February 4, 2002, the Court issued a single-judge order granting the stay until March 1, 2002, or until further order of the Court. On February 19, 2002, this matter was referred to the instant panel for further consideration.

The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 189 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). Pursuant to 38 U.S.C. § 7266, in order for a claimant to obtain review of a BVA decision by this Court, that decision must be final and the person adversely affected by it generally must file a timely NOA with the Court. *See Bailey v. West*, 160 F.3d 1360, 1363 (Fed. Cir. 1998) (en banc). In order to fulfill its responsibilities under 38 U.S.C. § 5104(a) to provide an appellant with notice of a BVA decision, the Board must "promptly mail a copy of its written decision to the [appellant] at the last known address of the [appellant]." 38 U.S.C. § 7104(e). To have been timely filed under 38 U.S.C. § 7266 and Rule 4 of this Court's Rules of Practice and Procedure, an NOA generally must have been received (or, in certain circumstances, be deemed so received) by the Court within 120 days after notice of the underlying final BVA decision was mailed. *See Cintron v. West*, 13 Vet.App. 251, 254 (1999); *Leonard v. West*, 12 Vet.App. 554, 555 (1999) (per curiam order); *see also* 38 U.S.C. § 7266(c)(2), as redesignated by section 507(b)(3) of the Veterans Education and Benefits Expansion Act of 2001, Pub. L. No. 107-103, 115 Stat. 976, 997 (2001) (VEBEA). *But see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Evans (Billy) v. West*, 12 Vet.App. 396, 399 (1999) (citing *Bailey*, 160 F.3d at 1365, and other cases regarding equitable tolling of NOA-filing period under certain circumstances).

Section 7266(c) of title 38 provides: "(c) A notice of appeal shall be deemed to be received by the Court . . . (2) [o]n the date of the [USPS] postmark stamped on the cover in which the notice is posted, if the notice is properly addressed to the Court and is mailed." 38 U.S.C. § 7266(c), as redesignated by section 507(b)(3) of the VEBEA.

In this case, in view of the fact that the cover in which the original NOA was posted was discarded mistakenly by the Court's PO staff, the Court requires briefing by the parties regarding the application of 38 U.S.C. § 7266(c) here. *See Stokes v. Derwinski*, 1 Vet.App. 201, 203-04 (1991) (establishing that Court may consider all facts, whether before BVA or not, "crucial to the proper determination of whether this Court has jurisdiction over the veteran's appeal").

In addition, the Court requires briefing by the parties regarding the applicability of "extraordinary circumstances" equitable-tolling principles to the jurisdictional facts of this case. *See Stokes*, *supra.* These equitable principles provide for the tolling of a filing deadline where the filing party is prevented, by "extraordinary circumstances" beyond his or her control, from meeting certain filing deadlines. *See Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000) (holding that confiscation of prisoner's legal papers by corrections officer on eve of filing deadline for habeas corpus petition may constitute "extraordinary circumstances" warranting equitable tolling of filing deadline and emphasizing that such circumstances must actually prevent timely filing; demonstration of latter cannot be made where party acting with reasonable diligence could have filed on time notwithstanding "extraordinary circumstances"); *United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001) (per curiam opinion) (noting that equitable tolling is appropriate where, inter alia, "extraordinary circumstances" prevent plaintiff from filing within statutory period his or her claims); *Lake v. Arnold*, 232 F.3d 360, 370-71 (3d Cir. 2000) (holding that "extraordinary circumstances" warrant equitable tolling of deadline for filing civil rights suit against legal guardians charged with care of mentally incompetent plaintiff where that plaintiff was prevented from timely filing, because those charged with acting on her behalf had failed to do so and she was unable to advocate her own interests); *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (same as *Clymore*, *supra*); *see also Irwin*, 498 U.S. at 95-96 (holding that equitable tolling principles that apply to private litigants also apply to United States); *Bailey*, 160 F.3d at 1365 (holding that "absent a contrary congressional expression", Court of Appeals for Veterans Claims "would be entitled to toll the statute of limitations found in section 7266"); *Bailey v. Gober*, 10 Vet.App. 454, 457 (1997) (en banc order) (Steinberg, J., dissenting) (concluding that equitable tolling would be applicable to section 7266 NOA-filing period where veteran was misled by VA Benefits Counselor into allowing filing deadline to pass). Although not precedential, it may also be instructive that this Court, in a published single-judge order, deemed an NOA timely filed where the appellant had contacted the Court at a time when a timely NOA could have been filed and received and relied upon incorrect advice from the Court that induced him to file late. *Eads v. Derwinski*, 2 Vet.App. 3 (1990) (single-judge order); *cf. Strouth v. Brown*, 8 Vet.App. 502, 503 (1996) (per curiam order) (finding NOA untimely filed where appellant relied upon misleading Court advice contrary to previously issued Court order). In connection with the foregoing, the parties should also address the relevance, if any, to this case of the policy set forth in Rule 26(a)(3) of the Federal Rules of Appellate Procedure. FED. R. APP. P. 26(a)(3) (excluding from last day of any specified time period "a day on which the weather or other conditions make the clerk's office inaccessible").

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file, and serve on the Secretary, a memorandum of law addressing all of the issues raised in this order. It is further

ORDERED that, not later than 30 days after service of the appellant's memorandum of law, the Secretary file, and serve on the appellant, a response. The appellant may file a reply not later than 14 days after service of the Secretary's response.

DATED:     March 21, 2002                 PER CURIAM.