**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 9 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SYLVESTER ANDERSON,

     Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

     Defendant - Appellee.

No. 02-3093
(D.C. No. 01-CV-3277-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **KELLY**, and **LUCERO**, Circuit Judges.

---

Sylvester Anderson, appearing pro se, appeals from the district court's

order entering summary judgment in favor of the United States of America and

denying his cross-motion for summary judgment on his equitable civil motion for

return of property. Having reviewed the district court's summary judgment order

de novo, we exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]    At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Anderson was convicted by a jury of conspiracy to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a). We affirmed his convictions on direct appeal. See United States v. Anderson, 189 F.3d 1201 (10th Cir. 1999). In the present case, Anderson filed a motion pursuant to Fed. R. Crim. P. 41(e) seeking the return of $55,489.79 that was seized in connection with a warrantless search of his car and $50,520.00 that was seized from his house pursuant to a search warrant.[1] In accordance with our opinions in United States v. Clark, 84 F.3d 378, 381 (10th Cir. 1996) and United States v. Clymore, 245 F.3d 1195, 1199–1200 (10th Cir. 2001), the district court treated Anderson's motion as an equitable civil motion for return of property.

After thoroughly analyzing the parties' motions for summary judgment, the district court granted summary judgment to the government, denied Anderson's cross-motion for summary judgment, and quieted title to the $55,489.79 and the $50,520.00 in favor of the government. Specifically, the court concluded that: (1) these amounts were subject to forfeiture under 21 U.S.C. § 881 because, as set forth by this court in its opinion on direct appeal, see Anderson, 189 F.3d at 1206, 1207, 1212, there was no question that they were profits of the cocaine-

---

[1] The details of the seizures are set forth in the district court's order entering summary judgment for the government. See Anderson v. United States, No. 01-3277, 2002 WL 598337, at *1 (D. Kan. Feb. 27, 2002) (unpublished).

distribution conspiracy for which Anderson was convicted; (2) Anderson was collaterally estopped from challenging the legality of the seizures or, alternatively, there were no genuine issues of material fact regarding the legality of the seizures; and (3) Anderson failed to establish that he was an "innocent owner" under 18 U.S.C. § 983(d).

On appeal, Anderson claims the district court erred in: (1) denying the motion he filed requesting that the government produce certain records pertaining to his use of a cellular phone in November 1994; (2) applying collateral estoppel; and (3) concluding that he was not an innocent owner. We reject each of these arguments.

Anderson's first argument relates to whether there was probable cause to search his home. The government supported its application for the warrant to search Anderson's residence with an affidavit from an agent of the United States Customs Service, which stated that Anderson made contact with a drug courier at an airport in California on November 4, 1994, and then facilitated the delivery of seven kilograms of cocaine. Anderson tells us that the cellular phone records he sought would show that he was not using his cell phone in California at the time the drug courier arrived at the airport on November 4, 1994, and that the phone records would therefore corroborate his claim that he was not involved in that incident. Without more, however, the phone records could not conclusively

establish Anderson's whereabouts on November 4, 1994, and would only show the location of the phone itself. Further, regardless of what transpired on November 4, 1994, there is a substantial amount of additional information set forth in the agent's affidavit that supported a finding of probable cause for the search of Anderson's residence. Thus, the district court did not abuse its discretion in denying Anderson's motion to produce the cellular phone records.

We next address Anderson's argument that the district court erred in using collateral estoppel to preclude him from challenging the legality of the seizures. As to the seizure of evidence from his car, prior to his criminal trial, Anderson filed a motion to suppress the $55,489.79 on the ground that the search of his car was unlawful. After conducting a hearing, the district court denied the suppression motion; Anderson did not directly appeal the denial. As a result, we agree with the district court that Anderson is collaterally estopped from relitigating the legality of the search of his car. As for the seizure of evidence from his residence, however, the doctrine of collateral estoppel is not applicable as the legality of the search of Anderson's residence was not actually litigated in the criminal case. See Klemens v. Wallace (In re Wallace), 840 F.2d 762, 765 (10th Cir. 1988). Nonetheless, we agree with the district court's alternative holding that Anderson failed to raise a genuine issue of material fact for trial regarding the legality of the search of his residence.

Finally, an innocent owner is one who: "(i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." United States v. 16328 S. 43rd E. Ave., Bixby, Tulsa County, Okla., 275 F.3d 1281, 1284 n.1 (10th Cir.) (quoting 18 U.S.C. § 983(d)(2)(A)), cert. denied sub nom., 535 U.S. 1058 (2002). We agree with the district court that Anderson failed to make either of these showings.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**. We also **GRANT** the government's motion to supplement the record on appeal. We remind Mr. Anderson that because his motion to proceed in forma pauperis on appeal was granted, he must continue making partial payments on court fees previously assessed until such fees have been paid in full.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-5-