**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

$72,100.00 IN UNITED STATES
CURRENCY,

    Defendant.

AHMAD R. SHAYESTEH,

    Claimant-Appellant.

No. 08-4085

(D.C. No. 2:03-CV-140-S)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is,

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

therefore, submitted without oral argument.

The United States filed a verified complaint for forfeiture *in rem* against $72,100 in United States currency, alleging that the property was involved in a violation of 21 U.S.C. § 881[1] and was subject to forfeiture pursuant to 21 U.S.C. § 841.[2] Appellant-Claimant Ahmad Shayesteh ("Mr. Shayesteh") timely filed a *pro se* claim to the currency.[3] The district court ultimately dismissed Mr. Shayesteh's claim as a sanction under Fed. R. Civ. P. 37(b)(2).[4] We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court.

## I. Procedural and Factual History

Mr. Shayesteh was arrested in 1995 and convicted in 1996 of two counts of possession of a controlled substance with intent to distribute. In May 2002,

---

[1] Section 881(a) delineates property which is subject to forfeiture to the United States. It includes: "All moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance . . ., [and] all proceeds traceable to such an exchange . . . ." 21 U.S.C. § 881(a)(6).

[2] Section 841(b) provides penalties for drug offenses listed under § 841(a) (*i.e.*, to "knowingly or intentionally" (1) "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance" or (2) "create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance").

[3] As a *pro se* litigant, we construe Mr. Shayesteh's briefs liberally. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

[4] Rule 37(b)(2) governs sanctions for failing to comply with a court order in the district court where the action is pending. Specifically, Rule 37(b)(2)(A)(v) permits a district court to "dismiss[] the action or proceeding in whole or in part" when a party "fails to obey an order to provide or permit discovery."

$72,100 in United States currency was found in a safe-deposit box bearing Mr. Shayesteh's name. The safe deposit box had not been accessed since 1995. In February 2003, the United States filed claim against the $72,100, on the theory that the money was subject to forfeiture as proceeds from drug trafficking.

After filing his claim to the currency in April 2003, Mr. Shayesteh moved to dismiss the United States' complaint, arguing that it was time-barred. The district court denied Mr. Shayesteh's motion. Mr. Shayesteh filed a motion to reconsider the denial of his motion to dismiss, which the district court also denied.

Mr. Shayesteh then filed an answer to the United States' complaint (in October 2003). Later, in March 2004, Mr. Shayesteh moved to amend his answer to plead that the action was time-barred. The district court denied Mr. Shayesteh's motion to amend as futile, in light of its earlier denial of Mr. Shayesteh's motion to dismiss. Mr. Shayesteh moved for reconsideration of the district court's ruling on his motion to amend his answer, which the district court also denied.[5]

The parties then continued the discovery process, which had begun in 2003.

---

[5] Additional motions from Mr. Shayesteh were denied by the district court, but they are not relevant to this appeal, other than as evidence that Mr. Shayesteh chose to be an active participant in the resolution of his claim. See, e.g., App. Vol. 1, Doc. 30 (counter-complaint); id. Vol. 2, Doc. 47 (motion to reconsider dismissal of counter-complaint); id. Doc. 48 (motion to disqualify district court judge).

Ultimately, Mr. Shayesteh failed to provide his initial disclosures and responses to interrogatories, prompting the United States to file a motion to compel. The district court granted the motion to compel in April 2006, and denied Mr. Shayesteh's subsequent motion for relief from the order. In December 2006, the United States filed its first motion to strike Mr. Shayesteh's claim for failure to obey an order to provide discovery, pursuant to Fed. R. Civ. P. 37(b)(2). Mr. Shayesteh then served his initial disclosures and responses to the United States' discovery requests, approximately one month after the United States filed its motion to strike.

In response, the district court denied the United States' motion to strike and ordered the parties to submit an "Attorneys' Planning Report." In that order, the district court stated, in bold print: "Failure to fully and timely cooperate by either side will be met with the harshest sanctions available, including the dismissal of any claim and/or the case with prejudice." App. Vol III, Doc. 93 at 4. The parties, however, never agreed on an Attorneys' Planning Report, and the district court entered a scheduling order 45 days later, based on an unsigned "Attorney Planning Meeting Report" submitted by the United States.

The United States thereafter asked Mr. Shayesteh to produce copies of tax returns since his arrival in the United States from his native Iran 29 years earlier (or, to complete a form authorizing the IRS to release those forms). The United States also sought a copy of Mr. Shayesteh's social security card (or, to complete

a form authorizing the Social Security Administration to release his social security number). Mr. Shayesteh refused to answer this discovery, claiming the currency at issue was "dowry money" rather than income from employment. The United States then served interrogatories seeking information about when, where, and how Mr. Shayesteh had received the claimed dowry money, including the country of origin of the dowry money, any declaration of the dowry money to any federal agency, any taxes paid on the dowry money, and any social security number used for paying those taxes.

Mr. Shayesteh again refused to answer the propounded discovery, and the United States filed another motion to compel. The district court granted the motion to compel as to the tax and social security documents and the interrogatories regarding the alleged dowry money. The district court specifically ordered Mr. Shayesteh to "fully comply with and/or respond to [the United States'] discovery requests" and warned Mr. Shayesteh that "[f]ailure to do so will result in appropriate sanctions including dismissal of Mr. Shayesteh's claim." App. Vol. IV, Doc. 135. Mr. Shayesteh motioned the court to reconsider its order regarding the tax documents, and the court denied the motion.

Mr. Shayesteh failed to provide the tax, social security, and dowry money information as ordered, and the United States then filed its second motion to strike Mr. Shayesteh's claim pursuant to Fed. R. Civ. P. 37(b)(2). Four days later, Mr. Shayesteh filed a notice of interlocutory appeal as to the district court's

order denying his motion to reconsider its order compelling discovery.[6]

The district court granted the United States' motion to strike Mr. Shayesteh's claim, based on Mr. Shayesteh's failure to comply with the court's order to provide discovery responses. The district court found that "the record is replete with dilatory tactics by Shayesteh that effectively and unreasonably have delayed this matter from being concluded." App. Vol. IV, Doc. 153 at 4. The district court concluded that Mr. Shayesteh's behavior constituted bad faith, and that Mr. Shayesteh was "fully culpable" for his refusals to comply. The district court stated: "The Court is satisfied that Shayesteh was capable of complying with the discovery requests, that he fully comprehended the consequences of his actions, and that he intended those actions to delay these proceedings." Id. at 6. The district court granted the motion to strike, and entered a judgment of forfeiture regarding the $72,100.

## II. Legal Standards and Analysis

"In a forfeiture action, if the government establishes that it had probable cause to seize the subject property, the claimant bears the burden of proving that the requested forfeiture does not fall within the four corners of the statute and if no such rebuttal is made, a showing of probable cause alone will support a

---

[6] We dismissed Mr. Shayesteh's appeal for lack of jurisdiction, as it was an interlocutory appeal of a non-final order. See United States v. $72,100 in United States Currency, No. 07-4250 (10th Cir. Mar. 3, 2008) (order dismissing case appeal for lack of appellate jurisdiction).

-6-

judgment of forfeiture." United States v. Clymore, 245 F.3d 1195, 1201 (10th Cir. 2001) (internal quotations and alteration omitted). The proceedings in the district court never got to the proof stage in the forfeiture process, however. Rather, Mr. Shayesteh raises four issues on appeal: (1) whether the district court erred in denying his motion to dismiss based on the statute of limitations, and in denying the motion for reconsideration on that issue; (2) whether the district court erred in denying his motion to amend his answer; (3) whether the district court abused its discretion in ordering him to produce historical tax records; and (4) whether the district court abused its discretion in granting the United States' motion to strike.

A. Statute of Limitations[7]

We review *de novo* determinations regarding statute of limitations applicable to 21 U.S.C. § 881 proceedings. Clymore, 172 F.3d at 1197. The

---

[7] The United States alleges we have no jurisdiction to review the district court's denial of Mr. Shayesteh's motion to dismiss, citing a case stating that interlocutory review of denials of motions to dismiss are non-reviewable. See Appellee Br. at 1 (citing Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 515 (10th Cir. 1998)). However, the district court's dismissal of Mr. Shayesteh's claim is a final order, see 28 U.S.C. § 1291 (granting appellate court jurisdiction over "all final decisions of the district courts"), and we have jurisdiction to review prior orders of a district court once there is a final order, see McBride v. Citgo Petroleum Corp., 281 F.3d 1099, 1103-04 (10th Cir. 2002) (holding that a district court's interlocutory orders merge into its final orders and judgments and that the identification of the final order in the notice of appeal is sufficient to support appellate jurisdiction to review the earlier now-merged interlocutory orders).

United States' complaint proceeds under § 881, and subsection 881(d)

"incorporates the 'provisions of law relating to the seizure, summary and judicial

forfeiture, and condemnation of property for violation of the customs laws.'"

United States v. James Daniel Good Real Prop., 510 U.S. 43, 63 (1993) (quoting

21 U.S.C. § 881(d)).  "The customs laws in turn set forth various timing

requirements."  Id. (citing 19 U.S.C. § 1621).  "Title 19 U.S.C. § 1621 contains

the statute of limitations."[8]  Id.

Section 1621 states:

> No suit or action to recover . . . any pecuniary penalty or
> forfeiture of property accruing under the customs laws
> shall be instituted unless such suit or action is commenced
> within five years after the time when the alleged offense
> was discovered, or in the case of forfeiture, within 2 years
> after the time when the involvement of the property in the
> alleged offense was discovered, whichever was later;
> except that–
> . . .
> (2) the time of . . . any concealment or absence of the
> property, shall not be reckoned within the 5-year period of
> limitation.

19 U.S.C. § 1621.

---

[8]  There has been much debate, between the parties and in the district court, about which version of § 1621 applies.  Section 1621 was amended in 2000, as part of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185.  By its explicit language, CAFRA applies to "any forfeiture proceeding commenced on or after" August 23, 2000, 120 days after CAFRA was signed into law.  Pub. L. No. 106-185, § 21, 114 Stat. at 225 (codified at 8 U.S.C. § 1324 (note)).  The United States commenced its judicial forfeiture action in February 2003, after CAFRA's effective date.  As a result, we will apply the statute of limitations from § 1621, as amended by CAFRA.

The United States discovered monies in a safe deposit box in Mr.

Shayesteh's name in May 2002, and therefore the monies potential involvement

with Mr. Shayesteh's prior drug trafficking violations was discovered at that time.

The United States filed its forfeiture complaint in February 2003. The filing of

the complaint was well within the time proscribed by the statute. The district

court properly denied Mr. Shayesteh's motion to dismiss based on the statute of

limitations.[9]

B. Motion to Strike

We review the imposition of sanctions under an abuse of discretion

standard. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639,

642 (1976) (noting that Rule 37(b)(2) sanctions are reviewed for abuse of

discretion); see also Ehrenhaus v. Reynolds, 965 F.2d 916, 920-21 (10th Cir.

1992) ("[W]e review the district court's decision to dismiss for discovery

violations under an abuse of discretion standard."). "Determination of the correct

---

[9] We can affirm the district court on any ground adequately supported by the record, as long as the parties have had a fair opportunity to address that ground. See Champagne Metals v. Ken-Mac Metals, inc., 458 F.3d 1073, 1088 (10th Cir. 2006) (noting that an appellate court has discretion to affirm on any ground adequately supported by the record, so long as the parties have had a fair opportunity to address that ground). The district court made findings, in denying Mr. Shayesteh's motion for reconsideration of the district court's order on the motion to dismiss, that Mr. Shayesteh had concealed the money in the safe deposit box, thus tolling the statute of limitations. Because we find that the United States commenced its forfeiture action within two years of the discovery of the property's involvement in the alleged offense, we do not need to review that finding here.

sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." Ehrenhaus, 965 F.2d at 920. We accept the district court's factual findings as long as they are supported by the record. Nat'l Hockey League, 427 U.S. at 642.

Rule 37(b)(2)(A)(v) states: "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . (v) dismissing the action or proceeding in whole or in part; . . . ." Fed. R. Civ. P. 37(b)(2)(A)(v). Therefore, Rule 37 permits the sanction of dismissal for failure to obey an order to produce discovery.

In Ehrenhaus, we affirmed a district court's imposition of an order dismissing the plaintiff's complaint with prejudice as a sanction under Rule 37. 965 F.2d at 920-21. We first reaffirmed our statement in Meade v. Grubbs, 841 F.2d 1512 (10th Cir. 1988), that "[b]ecause dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as a 'weapon of last, rather than first, resort.'" Meade, 841 F.2d at 1520 n.6 (citations and internal quotations omitted). We then stated that a trial court considering Rule 37 sanctions "should ordinarily" consider various criteria "on the record" prior to dismissing a complaint. Ehrenhaus, 965 F.2d at 921. These criteria include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the

-10-

court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Id. (internal citations omitted).

The district court, in its order, found the following with regard to the Ehrenhaus factors:

> As a consequence of Shayesteh's bad faith, the Court concludes that the United States has been prejudiced due to the incursion of unnecessary additional time, effort and expense in prosecuting this matter. Valuable resources of the United States occupied in this prolonged matter, unnecessarily have been made unavailable for use in other civil and criminal matters. Similarly, Shayesteh's bad faith has directly impacted the judicial process by unnecessarily delaying the fair and impartial resolution of this matter and in wasting the judicial resources of the Court.
>
> The Court finds that Shayesteh is fully culpable for his actions. The Court has a long history of presiding over litigation involving Shayesteh and repeatedly he has proven himself an astute and capable advocate. The matters at issue in this case are not complex. The document discovery requested from Shayesteh is not complex. In deference to his incarcerated status, the United States attempted to make his compliance easier by providing release/request forms for his signature in order to facilitate his retrieval of his social security and income tax information. Nevertheless, he refused to comply. The Court is satisfied that Shayesteh was capable of complying with the discovery requests, that he fully comprehended the consequences of his actions, and that he intended those actions to delay these proceedings.
>
> Shayesteh was previously put on notice that failure to comply with discovery requests and orders could result in sanctions against him, including dismissal of his claim. By Court Order dated May 25, 2007, both Plaintiff and Shayesteh were put on notice that the Court would not tolerate further delay in the exchange of discovery necessary to bring this case to conclusion. The Court further warned that "[f]ailure to fully and timely cooperate [in discovery] by either side will be met with the harshest sanctions available, including the dismissal of

-11-

any claims and/or the case with prejudice." By Order dated January 10, 2008, Shayesteh was again informed that failure to fully comply with and/or respond to Plaintiff's discovery requests, including its request for tax and social security documentation, "will result in appropriate sanctions including dismissal of Mr. Shayesteh's claim." Despite these explicit warnings, Shayesteh has refused to furnish the requested discovery regarding his tax returns and any social security cards issued to him.

Finally, the Court is of the opinion that no lesser sanction available to the Court will bring about Shayesteh's compliance and cooperation in bringing this case to a reasoned and meritorious conclusion. The Court has been direct in its orders to Shayesteh to no avail. The Court has employed threat of sanctions, including dismissal fo Shayesteh's claim, to no avail. By his conduct, it appears that Shayesteh has no intention of providing his tax returns and social security documentation requested by Plaintiff and ordered by the Court, and that it is pointless for the Court to consider Shayesteh's claim any further.

In summary, the Court specifically finds that the aggravating factors surrounding Shayesteh's bad faith in refusing to provide tax return and social security documentation as requested and ordered, outweigh the strong predisposition of the judicial system to resolve cases on their merits and that dismissal of his claim to the subject currency is an appropriate sanction for his bad faith.

App. Vol. III, Doc. 153 at 5-8.

The district court specifically found that the United States was prejudiced by Mr. Shayesteh's conduct because his conduct caused the United States to expend additional time, effort, and expense in prosecuting its case. The district court also found that Mr. Shayesteh had wasted judicial resources, and that Mr. Shayesteh was "fully culpable" for his behavior. The district court warned Mr. Shayesteh twice that his failure to follow the court's orders would likely lead to

-12-

dismissal of his claim. And, the district court found that lesser sanctions would be ineffective, based on Mr. Shayesteh's pattern of behavior. These findings, supported by the record, meet the criteria laid out in Ehrenhaus, 965 F.2d at 921, and support the district court's conclusion that dismissal as a sanction was "just," Fed. R. Civ. P. 37(b)(2)(A). The district court's order dismissing Mr. Shayesteh's claim as a sanction for noncompliance with a discovery order was not an abuse of discretion.[10]

---

[10] Mr. Shayesteh also purports to appeal the district court's denial of his motion to amend his answer and the alleged overbreadth of the discovery order to which he did not comply. Normally we would review both these issues under the abuse of discretion standard. See Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007) (noting that review of decisions on amendment to pleadings is for abuse of discretion); Soc'y of Lloyd's v. Reinhart, 402 F.3d 982, 1001 (10th Cir. 2005) (noting that review of discovery rulings is for abuse of discretion).

However, because we affirm the district court's dismissal of Mr. Shayesteh's claim as a sanction for his failure to follow the district court's discovery orders, we need not address these issues. An alternate decision on Mr. Shayesteh's motion to amend his answer would not have changed the subsequent dismissal of Mr. Shayesteh's claim. In addition, objection to the production of tax records does not change the district court's basis for dismissing Mr. Shayesteh's claim––Mr. Shayesteh also failed to produce his social security records and "dowry money" information. See 28 U.S.C. § 2111 ("On the hearing of any appeal . . ., the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties."); Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no error in admitting or excluding evidence––or any other error by the court or a party––is ground for . . . vacating, modifying, or otherwise disturbing a judgment or order. . . . At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). Any errors by the district court on these issue are harmless, as they do not change the outcome of dismissal of Mr. Shayesteh's claim.

## III. Conclusion

The district court's orders denying Mr. Shayesteh's motion to dismiss based on the statute of limitations and dismissing Mr. Shayesteh's claim as a sanction for failure to follow discovery orders are AFFIRMED. Appellant's motion to proceed without prepayment of fees is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge