FILED
United States Court of Appeals
Tenth Circuit

June 25, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

IVORY A. ROBINSON,

      Defendant-Appellant.

No. 13-3054
(D.C. No. 2:06-CR-20153-CM-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **MATHESON**, Circuit Judges.

---

Ivory A. Robinson appeals the district court's order denying his motion to

return to him $1,520.00 seized incident to his arrest on drug charges. We exercise

jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

When Mr. Robinson was arrested, authorities recovered $1,520.00 in cash

from his jacket pocket. He eventually entered guilty pleas to one count of being a

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

felon in possession of a firearm and one count of possession with intent to distribute five grams or more of cocaine base within 1,000 feet of a school. Over Mr. Robinson's objection, the sentencing court converted the currency to its drug equivalencies and factored that drug amount into his offense level. He was sentenced to 110 months in prison on each count, to run concurrently.

After the criminal proceedings had concluded, Mr. Robinson filed a motion to have the $1,520.00 returned to him, pursuant to Fed. R. Crim. P. 41(g). Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The same judge who sentenced Mr. Robinson on the drug convictions heard the Rule 41(g) motion. Based on the currency having been determined to be proceeds of drug sales and converted to drug equivalencies, the court ruled that the money could not equitably be returned to Mr. Robinson. The court found it unnecessary to hold an evidentiary hearing.

## II.    DISCUSSION

On appeal, Mr. Robinson contends that the district court erred in not holding an evidentiary hearing on the Rule 41(g) motion. We review for abuse of discretion. *United States v. Albinson*, 356 F.3d 278, 281 n.5 (3d Cir. 2004).

Mr. Robinson contends that an evidentiary hearing was required to determine which agency—state or federal—held the currency, and whether the currency was *per se* or derivative contraband. We explained in *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 n.13 (10th Cir. 2001), that there are two types of contraband— contraband *per se*, which is "intrinsically illegal in character," and derivative contraband, which includes items "not inherently unlawful but which may become unlawful because of the use to which they are put."

Neither of Mr. Robinson's contentions warranted an evidentiary hearing. The custodian of the currency was relevant only if Mr. Robinson was entitled to have the currency returned to him. By converting the currency to drug equivalencies in the sentencing proceedings, the district court determined it to be derivative contraband. *Cf. United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001) (stating currency recovered from drug-smuggling operation was derivative contraband). Mr. Robinson was therefore not entitled to its return.

Mr. Robinson also asserts that the district judge should have held an evidentiary hearing to determine whether the currency had originated from illicit drug sales, rather than relying on his own memory of the sentencing proceedings. Again, no hearing was necessary. The sentencing record confirms the court's determination that the $1,520.00 was derived from drug sales and was accordingly converted to drug equivalencies. *See* R. Supp. Vol. 2 at 24 (noting Mr. Robinson's objection to converting the currency to drug equivalencies); *id.* at 27 (reflecting that

the district court overruled the objection).  We therefore find no abuse of discretion in the district court's decision not to hold an evidentiary hearing.

It is unclear whether Mr. Robinson also challenges the district court's equitable decision to deny return of the money.  We liberally construe his pro se filings to raise such a challenge.  *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011).  "We review questions of law relating to a Rule 41(g) motion de novo, but we review the district court's weighing of equitable considerations and its decision to deny a Rule 41(g) motion for an abuse of discretion."  *United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011) (citation omitted), *cert. denied*, 132 S. Ct. 1952 (2012).

"No property right shall exist in illegal drugs [or] proceeds from selling illegal drugs . . . ."  *Clymore*, 245 F.3d at 1200 (internal quotation marks and brackets omitted) (quoting 21 U.S.C. § 881(a)).  A Rule 41(g) proceeding for return of confiscated property is an equitable proceeding.  *See Clymore*, 245 F.3d at 1200.[1]  "There are only two categories of owner that may have a superior interest to the government in [drug proceeds] when the nexus between the property and the crime has been conclusively established at the criminal trial:  one whose constitutional right against an illegal search and seizure has been offended or an innocent owner."  *Id.*

---

[1]     When *Clymore* was decided in 2001, Rule 41(g) was designated as Rule 41(e).  "Effective December 1, 2002, Rule 41 was amended and reorganized.  What was formerly Rule 41(e) is now found at Rule 41(g) with minor stylistic changes."  *United States v. Rodriguez-Aguirre*, 414 F.3d 1177, 1179 n.1 (10th Cir. 2005).

(citations omitted).  Mr. Robinson falls into neither category.  As stated above, the currency was conclusively established at sentencing to be drug proceeds, and he does not claim illegal search and seizure.  Consequently, the district court did not abuse its discretion in denying return of the currency to Mr. Robinson.

## III.    CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge