**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 5, 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

No. 02-2340

GABRIEL RODRIGUEZ-AGUIRRE;
ELENO AGUIRRE,

Defendants - Appellants.

Appeal from the United States District Court
for the District of New Mexico
(D.C. No. CR-92-486-JC)

Stephen R. Kotz, Assistant United States Attorney (David C. Iglesias, United States
Attorney, with him on the briefs), Albuquerque, New Mexico, for Plaintiff - Appellee.

Brenda G. Grantland, Mill Valley, California, for Defendants - Appellants.

Before **MURPHY,** Circuit Judge, **McWILLIAMS,** Senior Circuit Judge, and **O'BRIEN**,
Circuit Judge.

**O'BRIEN**, Circuit Judge.

This is the second appeal in this case. Gabriel Rodriguez-Aguirre and Eleno

Aguirre (collectively referred to as the Aguirres) filed a motion pursuant to Rule 41(e) of

the Federal Rules of Criminal Procedure[1] seeking the return of over 205 items of personal

property which they allege the government seized from them but never properly forfeited.

On the recent remand, the district court granted summary judgment in favor of the

government and denied the Aguirres' motion for partial summary judgment. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Gabriel Rodriguez-Aguirre and Eleno Aguirre were convicted by a jury of multiple

drug offenses and money laundering and sentenced to 360 and 235 months imprisonment,

respectively.[2] Their convictions arose out of their participation in the Aguirre drug

---

[1] Effective December 1, 2002, Rule 41 was amended and reorganized. What was formerly Rule 41(e) is now found at Rule 41(g) with minor stylistic changes. Rule 41(g) provides:

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

For purposes of this appeal and to remain consistent with the parties' briefs, we will continue to refer to the rule as Rule 41(e).

[2] Their convictions were affirmed on appeal. *See United States v. Aguirre*, 108 F.3d 1284 (10th Cir. 1997)*; United States v. Rodriguez-Aguirre*, 108 F.3d 1228 (10th Cir. 1997).

trafficking organization, which operated out of Deming, New Mexico, from 1985 until the arrest of its members in October 1992. The organization distributed at least 29,000 pounds of marijuana and 24,000 pounds of cocaine, resulting in the generation of approximately $41,000,000 in revenue. The Aguirre organization used these proceeds to purchase vehicles, heavy equipment, real estate, horses, businesses and other items.

In October 1992, federal agents executed search and seizure warrants upon multiple parcels of real property owned by various members of the Aguirre organization. Thereafter, the government initiated judicial forfeiture proceedings. *See United States v. Fifty-One Items of Real Property, et al.*, Civil No. 92-1155-JC (D.N.M.). The government personally served the forfeiture complaint upon the Aguirres. In response, Gabriel filed a claim on behalf of himself and "others herein unnamed." (R., Appellants' Addendum at 141.) The court struck the claim. Gabriel did not re-file a claim or otherwise answer the complaint. On December 15, 1993, the district court entered a partial default judgment against various individuals including Gabriel and Eleno. On December 23, 1993, the district court entered a final forfeiture judgment.

Subsequently, the government sought the forfeiture of seized race horses, cash, vehicles and other property. *See United States v. Approximately 247 Race Horses, et al.*, Civil No. 93-102-JC (D.N.M.). The district court entered a final forfeiture judgment on April 19, 1994, which was amended on June 29, 1994, to include a list of the forfeited items. In 1995, the government filed a third forfeiture proceeding, seeking and obtaining

the forfeiture of additional parcels of real property and a life insurance policy. *See United States v. Eighty Acres, et al.*, Civ. No. 95-981 JC (D.N.M.).

On April 20, 2000, the Aguirres filed a motion for return of property pursuant to Rule 41(e).[3] The motion sought the return of 127 items of personal property,[4] which the Aguirres claimed were seized but never judicially or administratively forfeited by the government. On May 1, 2000, the government filed a Rule 12(b) motion to dismiss. On August 17, 2000, the district court granted the government's motion, dismissing the Rule 41(e) motion based on a lack of Article III standing and laches. The Aguirres appealed.

We reversed and remanded. *See United States v. Rodriguez-Aguirre*, 264 F.3d 1195 (10th Cir. 2001) (*Aguirre I*). We determined the Aguirres had standing and the doctrine of laches was inapplicable. *Id.* at 1207, 1209. We also concluded that the six-year statute of limitations contained in 28 U.S.C. § 2401(a) applied to Rule 41(e) motions. *Id.* at 1210. However, because the record was insufficient to determine whether the Aguirres' motion was timely, we remanded the case to the district court "to determine in the first instance the timeliness of [the] Rule 41(e) motion." *Id.* at 1214.

On remand, the magistrate judge assigned to the case directed the Aguirres to file a

---

[3] The motion was also filed on behalf of Delores Contreras and Tony Bencomo. These two individuals, however, have abandoned their claims and are not parties to this appeal.

[4] Among the items sought to be returned were $3,233,000 in United States currency, portable buildings, personal clothing, custom pool equipment, vehicles, mobile homes and exercise equipment.

list of items being claimed, identifying the person claiming each item and describing each item. The magistrate judge also ordered the government to respond to the list.

On December 7, 2001, the Aguirres filed a list containing 205 items of personal property. On January 10, 2002, the government filed its response, addressing to the extent possible the disposition of each of the items and objecting to the addition of any items beyond the 127 items listed in the original Rule 41(e) motion.

Thereafter, the government filed a motion for summary judgment and the Aguirres filed a motion for partial summary judgment. On July 17, 2002, the district court conducted an evidentiary hearing on the parties' respective motions. At the hearing, the Aguirres orally moved to amend their list of personal property to include four liquor licenses. The district court denied the motion. It also rejected their attempt to expand the list of items sought beyond the 127 items originally claimed.

On October 16, 2002, the district court entered an order, granting the government's motion and denying the Aguirres' motion. In this order, the district judge concluded the following:

> 1. The Aguirres were challenging the prior judicial forfeiture proceedings and therefore, the court lacked jurisdiction because Rule 41(e) is not the proper vehicle for challenging a judicial forfeiture;
>
> 2. Even assuming the court had jurisdiction, based on the evidence and testimony presented at the hearing, eighty-nine of the items sought to be returned were never seized by the government, seven items were partially seized and forfeited, twenty-four items were seized and forfeited, one item was returned to the registered owner, four items were declared abandoned, one item was returned to Danny Aguirre, and one item, mutilated currency, was destroyed because it had no value;

5

and

3. Even assuming the government seized the property and was wrongfully withholding it, the government successfully demonstrated at the hearing that the property was 21 U.S.C. § 881(a)[5] property and therefore, the government was entitled to an award of quiet title in the property.

The Aguirres timely appealed.[6]

## II. Discussion

The Aguirres contend the district court erred by (1) refusing to permit them to expand their list of claimed property from 127 items to 205 items and to orally amend the list to include four liquor licenses, (2) holding it lacked jurisdiction under Rule 41(e) because they were challenging the judgments in the judicial forfeiture cases, (3) granting summary judgment in favor of the government, and (4) permitting the government to litigate the forfeitability of the property in this proceeding.

---

[5] This statute provides in relevant part:

**(a) Subject property**

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

. . . .

(6) All moneys . . . or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter. . . .

[6] This appeal was consolidated, for procedural purposes only, with *Clymore v. United States*, No. 02-2264, which is addressed in a separate opinion.

*(a) Motion to Amend*

The Aguirres allege the district court erred in refusing to allow them to expand their list of property from 127 to 205 items and to orally add the four liquor licenses. The district court denied the Aguirres' "motion" to amend because it determined it was limited to addressing only the 127 items which were presented to this Court in *Aguirre I*. We review the denial of a motion to amend a complaint for an abuse of discretion. *Long v. United States*, 972 F.2d 1174, 1183 (10th Cir. 1992).

We need not decide whether the district court abused its discretion in denying the "motion" to amend because the district court made the following alternative finding: "[E]ven had I considered the extra items, the United States' evidence is sufficient to demonstrate that either the additional items had not been seized, or they are 21 U.S.C. § 881(a) property, as they are sufficiently related and similar to the original 127 items." (R., Appellants' App. at 204.) Therefore, we will consider these additional items in reviewing the district court's order. We note, however, that although the Aguirres sought to expand their list to include seventy-eight additional items plus the four liquor licenses, eight of those items were sought solely by Delors Confreres and fifty-eight by Tony Bencomo, who are no longer parties in this case. Further, at the evidentiary hearing, Gabriel withdrew his claim for the $3,233,000. Therefore, our review is limited to the original 127 items, eleven additional items and four liquor licenses.

*(b) Jurisdiction*

7

The Aguirres contend the district court erred in concluding that their Rule 41(e) motion was in reality an attack on the prior judicial forfeiture proceedings and therefore, that it lacked jurisdiction over this case. They argue they are not challenging the three previous judicial forfeiture proceedings. Rather, they contend they refer to these proceedings' complaints merely to demonstrate the items sought to be returned in this case were never named as defendants in those proceedings. They allege they are required to show this because if any of the items had been judicially forfeited, they have no right to their return.

We review *de novo* a district court's dismissal for lack of subject matter jurisdiction. *Algin v. Lucero*, 87 F.3d 401, 403 (10th Cir. 1996).

A Rule 41(e) motion is an inappropriate vehicle for challenging a judicial forfeiture; the proper vehicle is a motion for relief of judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *United States v. Madden*, 95 F.3d 38, 40 (10th Cir. 1996). Here, the Aguirres submitted the complaints from the prior civil forfeiture proceedings to demonstrate that the property alleged to have been forfeited by the government was not properly forfeited because the complaints did not name the property as a defendant. For instance, *in Fifty-One Items of Real Property*, Civil No. 92-1155-JC (D.N.M.), the government referred to the defendants as "Fifty-One Items of Real Property, and Improvements and Contents of Improvements Thereon in Luna, Grant and Dona Ana Counties, New Mexico and Mariposa County, Arizona." (R., Appellants'

8

Addendum at 1.)  The Aguirres contend this language does not include, for example, personal property inside mobile homes.  Specifically, they assert that because mobile homes are not improvements, the personal property inside them does not constitute "contents of improvements."

We agree with the district court that the Aguirres' argument is in essence an attack on the sufficiency of the prior forfeiture complaints and judgments.  This type of attack must be brought in a Rule 60(b) motion.  It is not for this Court or the district court to decide in a Rule 41(e) equity proceeding whether certain property was properly named in the forfeiture proceedings.  The Aguirres must first successfully attack the forfeiture judgments under Rule 60(b).  Therefore, the district court properly found it lacked jurisdiction over that property the government states was judicially forfeited.  We will now address the district court's determination as to the other items of property.

*(c) Summary Judgment*

The Aguirres argue the district court erred in granting summary judgment in favor of the government and denying their motion for partial summary judgment.  They claim the district court improperly weighed the evidence and made credibility determinations.  They also contend the court should have granted them judgment on the following issues: (1) items located outdoors on land cannot be forfeited as "contents of improvements" and mobile homes are not "improvements," (2) liquor licenses are not "contents of improvements," (3)  the videotapes of the seizures demonstrate that certain items they

9

seek returned were seized by the government and they were located outside any improvement, (4) documents created by the government, including the Declarations of Abandonment and the Drug Enforcement Agency's (DEA) Non-Drug Evidence List, establish the items listed in these documents were seized by the government, and (5) moldy currency found in the ground is not "contents of improvements." The government contends the court properly entered judgment in its favor. It argues the Aguirres ignore the court's findings that they were not credible and gloss over the overwhelming evidence establishing that the government did not seize at least seventy percent of the property they seek returned.

Generally, we review a district court's denial of a Rule 41(e) motion for an abuse of discretion. *United States v. Danann*, 103 F.3d 82, 84 (10th Cir. 1996). However, the district court denied the Aguirres' Rule 41(e) motion pursuant to the government's motion for summary judgment. "We review a grant of summary judgment *de novo*, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c)." *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1182 (10th Cir. 1995). "Summary judgment should be granted if 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(c)). "We consider the 'factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Id.* at 1182-83 (quoting *Blue Circle Cement, Inc. v. Board of County Comm'rs.*, 27 F.3d 1499, 1503 (10th Cir. 1994)).

10

"Summary judgment is appropriate if the non-moving party cannot adduce probative evidence on an element of its claim upon which it bears the burden of proof." *Id.* at 1183. Whether reviewed for an abuse of discretion or de novo, the district court did not err.

The evidentiary hearing on the parties' motions for summary judgment was in essence a hearing on the merits. The Aguirres, however, were not prejudiced by such procedure. They testified and presented evidence at the hearing. In seeking to include the four liquor licenses as part of the claimed property, their counsel stated "during the course of preparing for this trial . . . ." (R. Appellees' App. at 16.) This comment demonstrates the Aguirres were aware the hearing would be similar to a trial on the merits and the district court would be considering the evidence presented and making credibility determinations in order to resolve the Rule 41(e) motion. Additionally Rule 41(e) provides for such procedure, requiring the court to hear evidence on any factual issue necessary to decide the Rule 41(e) motion. Here, the district court specifically found an evidentiary hearing was required and conducted such hearing. There was nothing improper about the district court's actions in this case.

As to whether the court properly granted judgment in favor of the government, the district court heard testimony, viewed the videotapes and weighed all the evidence. Based on our own review of the videotapes and the transcript of the evidentiary hearing, we conclude the district court did not err in finding that eighty-nine items sought to be returned were never seized by the government, one item was returned to the registered

11

owner, four items were declared abandoned, one item was returned to Danny Aguirre and one item was destroyed because it had no value.

As to the eighty-nine items which the court found were not seized, the Aguirres testified the government seized these items and is still holding them. The government's evidence, however, casts a different story. The government presented testimony from Agent Richard Wayne Sanders of the DEA, one of the original case agents involved in the Aguirres' criminal cases, Agent Kenneth Gayle Sanders of the United States Custom Service, another case agent, and Agent Lawrence Hart of the Internal Revenue Service. It also presented ten videotapes depicting the real properties on the date the government executed the search and seizure warrants. Agent Sanders testified that most of the personal property the Aguirres want returned was never located on the real properties. His testimony is supported by the videotapes, which demonstrate that many of the items claimed to be on the properties were not present at the time of the seizures. For instance, the Aguirres sought the return of five fully furnished mobile homes.[7] The videotapes, however, demonstrate these homes were either empty or ransacked. Also, the videotapes show that the vehicles sought to be returned were not present on the property on the date of the seizure. In fact, Agent Lawrence Hart testified that up to the date of the seizures, agents observed vehicles being removed from the properties. He also stated the

---

[7] According to the government, there were only four homes on the property, one of which was a burned hulk. The three homes which were standing contained no furniture and were forfeited and sold with the property.

government was unable to execute all of the search warrants as it could not locate certain items.[8]

In light of the government's evidence, the Aguirres' testimony is insufficient to establish that the government seized these 89 items. Indeed, Gabriel admitted he had been in prison for six months at the time of the execution of the warrants. Therefore, his testimony that these items were on the subject properties on the date of the execution of the warrants is highly suspect.

As to the mutilated currency, Agent Sanders testified that the United States Treasury determined it had no value due to its deteriorated and moldy condition and therefore had to be destroyed. Although the Aguirres contend on appeal that they "would be content getting back an equivalent sum of currency" (Appellants' Opening Br. at 24), we have no jurisdiction to award money damages under Rule 41(e). *See Clymore v. United States*, No. 02-2264 (issued simultaneously with this decision).

The government also presented sufficient evidence that one item was returned to its registered owner (an eighteen foot fishing boat returned to Bob Dalton) and one item (twelve leather jackets) was returned to Danny Aguirre. Although Danny Aguirre testified he never received the twelve leather jackets, the government presented a receipt signed by Danny evidencing their return.

---

[8] In its October 16, 2002 order, the district court mistakenly states that this testimony was provided by Agent Sawyer.

The government also presented evidence that four items were declared abandoned. As to these items, Agent Sanders testified the government provided notice of abandonment to either the registered owner of the item, the owner of the property where the item was found or to the lessee of the storage unit where the property was found. He also testified that a notice was published in a nationally circulated newspaper. Gabriel and Eleno contend they never received adequate notice of the abandonment proceedings. The district court did not address this issue but rather found that "[e]ven if [it were to] determine that the notices of abandonment . . . were constitutionally deficient and thus void, at the hearing the government . . . adequately demonstrated a nexus between all of the contested property and the drug proceeds from the Aguirre Organization." (R. Appellants' App. at 213-14.) In other words, the court found all of the property sought to be returned, including the abandoned property, was 21 U.S.C. § 881(a) property and therefore, the Aguirres had no right to its return.

*(d) 21 U.S.C. § 881(a) property*

The Aguirres argue the district court erred in relying on *Clymore v. United States*, 245 F.3d 1195 (10th Cir. 2001) (*Clymore II*). Specifically, they contend the district court improperly permitted the government to demonstrate that the subject property was forfeitable under 21 U.S.C. § 881(a) even though the statute of limitations for forfeiting such property had expired. They contend that under *Clymore v. United States*, 164 F.3d 569 (10th Cir. 1999) (*Clymore I*), the government cannot establish grounds for forfeiture

14

in a Rule 41(e) proceeding brought after the statute of limitations has run. To the extent *Clymore II* changed this legal proposition, the Aguirres contend it violates the law of the case doctrine and intracircuit conflict rules. They also argue *Clymore II* was wrongly decided, is distinguishable and conflicts with *Aguirre I*. Resolution of these issues requires a discussion of *Clymore I* and *Clymore II*.

The issue in *Clymore I* was whether a district court can review the merits of a forfeiture proceeding in a Rule 41(e) action where the claimant never received constitutionally adequate notice of the proceeding and the running of the statute of limitations prevented the government from initiating new forfeiture proceedings. We first determined that a forfeiture of property is considered void and must be vacated where a claimant does not receive constitutionally adequate notice of the forfeiture. 164 F.3d at 572-74. We then concluded that because the statute of limitations prevented the government from initiating new civil proceedings against the claimant, the forfeiture of his property should be set aside unless the government can demonstrate equitable tolling. *Id.*

In *Clymore II*, we addressed whether a Rule 41(e) claimant was entitled to automatic return of seized property if the prior forfeiture of the property was invalid and the statute of limitations prevented the government from initiating new forfeiture proceedings. 245 F.3d at 1199. We concluded a claimant is not entitled to automatic return of the property under such circumstances but rather, the government could still be

awarded quiet title to the property if it could establish (1) the property fell under the auspices of 21 U.S.C. § 881(a), (2) an innocent owner was not entitled to the property and (3) the seizure of the property was constitutional. *Id.* at 1200-02.

*Clymore I* and *Clymore II* do not conflict and neither the law of the case doctrine[9] nor the intra-circuit conflict rules are violated.[10] *Clymore I* merely held that the government cannot rely on a void civil forfeiture proceeding as a defense in a Rule 41(e) proceeding. It did not foreclose the government from asserting it had a right to the property apart from its forfeiture of the property, i.e. under § 881(a), nor did it preclude the government from asserting that a Rule 41(e) movant does not own the property and therefore, has no right to its return.

The Aguirres also assert the district court erred in relying on *Clymore II* because it conflicts with *Aguirre I* and is distinguishable. In support of this argument, the Aguirres point to one statement in the *Aguirre I* opinion: "After the criminal proceedings conclude, . . . the government has no right to retain the property, absent the commencement of forfeiture proceedings . . . ." 264 F.3d at 1213. However, the *Aguirre I* court specifically

---

[9] The law of the case doctrine provides "[w]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Therefore, "when a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *Rohrbaugh*, 53 F.3d at 1183.

[10] "[W]hen faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom." *Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996).

stated in a footnote that this statement did not conflict with *Clymore II* and acknowledged its holding. *Id.* at 1213 n.14. In addition, the issues addressed in *Aguirre I* and *Clymore II* were entirely different. In *Aguirre I*, we decided when the statute of limitations for the filing of a Rule 41(e) motion begins to run; we did not address whether the district court could decide the merits of a Rule 41(e) motion based on § 881(a) despite the government's inability to forfeit the property due to the running of the statute of limitations.

Lastly, the Aguirres contend *Clymore II* is distinguishable because it involved an administrative forfeiture later declared void for lack of notice. This distinction is irrelevant. In this case, as in *Clymore II*, the government may no longer institute forfeiture proceedings against the subject property and the question is whether a Rule 41(e) movant is entitled to the automatic return of the property under such circumstances. In *Clymore II*, we answered this question in the negative.[11]

The Aguirres' arguments are based on the faulty assertion that the district court allowed the government to litigate the forfeitability of the property in this case. We acknowledge that § 881 is a forfeiture statute. However, § 881(a) specifically states that

---

[11] The Aguirres allege *Clymore II* was wrongly decided because it conflicts with *United States v. 92 Buena Vista Ave.*, 507 U.S. 111 (1993). We disagree. The issue in *Buena Vista* was whether an owner's lack of knowledge of the fact that her home had been purchased with illegal drug proceeds constituted a defense to a § 881 forfeiture proceeding. 507 U.S. at 114. It did not address whether a Rule 41(e) movant is entitled to the return of § 881(a) property where the movant is not an innocent owner and the seizure of the property was constitutional.

proceeds from the sale of drugs are subject to forfeiture and "no property right shall exist in them." It was under this definition that the district court denied the Aguirres' Rule 41(e) motion. Despite the Aguirres' repeated assertions that the government is unlawfully withholding this property from them and that the government has no right to retain this property, they have not shown they are lawfully entitled to it either. Indeed, under § 881(h), "[a]ll right, title, and interest in property described in subsection (a) . . . shall vest in the United States upon commission of the act giving rise to forfeiture under this section." Therefore, the Aguirres never had a right to this property. At all times, title to this property was vested in the government.

We emphasize that a Rule 41(e) proceeding is an equitable one. *See Floyd v. United States*, 860 F.2d 999, 1002 (10th Cir. 1988). As we stated in *Clymore II*, returning properly seized property to a criminal defendant simply because the government can no longer initiate forfeiture proceedings, "would give criminal defendants a conclusively presumptive property right in the fruit of their criminal conduct . . . a result clearly prohibited by § 881." 245 F.3d at 1200. Equity forbids such a result.

Because the district court properly relied on *Clymore II*, the question becomes whether the court erred in determining that the subject property fell under the auspices of § 881(a). Notably, the Aguirres do not challenge the district court's findings on this issue; rather their arguments are limited to contesting the court's application of § 881(a). Nevertheless, we conclude the district court's determinations are supported by the record.

18

Agent Hart, who performed the financial investigation on the Aguirre organization and its businesses, testified that (1) the approximate revenue realized by the Aguirre Organization was $68-70 million,[12] (2) Gabriel's and Eleno's expenditures far exceeded their legal sources of income,[13] (3) the Aguirre businesses operated at a loss and were capitalized with drug proceeds and (4) although the Aguirres won one million dollars in a horse race, the horse was purchased with drug proceeds. The district court found Agent Hart's testimony credible. It discounted Gabrielle's testimony that the property was purchased with money his father found in an abandoned mine in Mexico and prize money earned by racing horses in Mexico, relying instead on Agent Hart's testimony that there was no evidence the Aguirres raced horses in Mexico and even if they had, the winnings were never introduced into the United States' economy.

Based on the above, the district court's conclusion that the property at issue in this case was § 881(a) property is adequately supported by the record.

### III. Conclusion

The district court's grant of summary judgment to the government and denial of

---

[12] Agent Hart defined "revenue" for purpose of his testimony as "the gross amount realized prior to paying any expenses or paying for inventory." (R, Appellee's App. at 198.)

[13] Gabriel's legitimate income during the relevant time period included the sale of a few vehicles for less than $1,000 and monthly disability insurance benefits in the sum of $318.00. Eleno was employed for approximately five years as a janitor at a local elementary school and he too sold some vehicles. As a janitor, he made approximately $10,000-$12,000 per year. Eleno's wife contributed a de minimis amount of income to the family.

19

the Aguirres' motion for partial summary judgment are **AFFIRMED**.