**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EUEL DONAHOU,

      Plaintiff-Appellant,

      v.

STATE OF OKLAHOMA; AMY L.
UNDERWOOD, Assistant Public
Defender; TULSA COUNTY BAR
ASSOCIATION; R.P. HASS, Judge;
CITY OF TULSA; TULSA COUNTY
COURT; HEALTH & WELLNESS
CLINIC; JAMES R. GOTWALS; J.
KENTON FRANCY & ASSOCIATES;
K.A. JONES; and JOAN M.
DONAHOU,

      Defendants-Appellees.

No. 05-5090

(N.D. Oklahoma)

(D.C. No. 05-CV-141-P)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Euel Donahou, proceeding pro se, filed suit under 42 U.S.C. § 1983. He alleges various violations of his civil rights related to a domestic relations case from 1994 in the district court of Tulsa County, Oklahoma. The federal district court dismissed his § 1983 suit with prejudice after concluding that the *Rooker-Feldman* doctrine barred review of Mr. Donahou's claims. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm the district court's application of the *Rooker-Feldman* doctrine to dismiss the suit. As we explain below, we differ with the district court only on a procedural point that is easily accommodated through a minor modification of the district court's judgment. As so modified, we affirm the judgment.

## I. BACKGROUND

In March 2005, Mr. Donahou filed a § 1983 complaint in federal district court. He sets forth various allegations that state courts improperly ruled on evidentiary issues related to medical expenses for his minor child. Mr. Donahou primarily contends that state courts disregarded evidence that he presented in a 1994 domestic relations case and subsequent state appeals. The complaint also asserts that the Oklahoma "appeals court and judges lie" and the Oklahoma

"Supreme Court refuse [sic] to hear." Rec. vol. I, doc. 1, at 3 (Complaint, filed March 16, 2005). Mr. Donahou's complaint requests sanctions on the defendants and Oklahoma state courts.

Several defendants filed motions to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. In May 2005, the district court granted permission for Mr. Donahou to proceed in forma pauperis, and dismissed his § 1983 claim with prejudice. Its order noted that he had filed two previous cases involving the same subject matter in federal district court; both were summarily dismissed.

## II. DISCUSSION

"We review de novo a district court's dismissal for lack of subject matter jurisdiction." *United States v. Rodriguez-Aguirre*, 414 F.3d 1177, 1181 (10th Cir. 2005). "On appeal from the dismissal of a pro se complaint, we must construe the plaintiff's pleadings liberally, *see Haines v. Kerner,* 404 U.S. 519, 520 (1972), and accept their allegations as true." *Wares v. Simmons*, 392 F.3d 1141, 1144 (10th Cir. 2004). The liberal-construction principle carries over to pro se appellate filings as well. *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). Even liberally construing Mr. Donahou's appellate brief, we only find factual disputes with the earlier state court domestic relations case; he neither

argues that the district court erred in dismissing his § 1983 suit for lack of subject matter jurisdiction, nor explains why he can seek review of a final state court judgment in this court.

Mr. Donahou appears to contend that his due process rights were violated in the state court domestic relations case, and he asserts jurisdiction in federal court because he exhausted his state appeals. However, "[w]here a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983." *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986). In *Anderson*, we upheld the district court's dismissal of a § 1983 action under the *Rooker-Feldman* doctrine, noting that the plaintiff's suit "essentially [sought] to undo" the state court decision. *Id.* at 264. Similarly, Mr. Donahou could have raised his due process challenge in state proceedings, and his § 1983 suit is intertwined with and seeks to undo his earlier state court decision.

Thus, we agree with the district court that it lacked subject matter jurisdiction over Mr. Donahou's complaint. "Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." 28 U.S.C. § 1257(a). "Section 1257(a) thus implicitly deprives lower federal courts of subject matter jurisdiction

-4-

to entertain cases that would entail review of decisions rendered by state courts."
*Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004);
*see Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923) (prohibiting lower
federal courts from hearing claims actually decided by a state court); *see also*
*District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483 n.16 (1983)
(extending the holding of *Rooker* to claims that are "inextricably intertwined"
with a state court judgment).

However, we further conclude that the district court should not have
dismissed Mr. Donahou's § 1983 claim with prejudice. A federal court applying
the *Rooker-Feldman* doctrine lacks jurisdiction to reach the merits of the case.
"A suit dismissed for lack of jurisdiction cannot also be dismissed 'with
prejudice'; that's a disposition on the merits, which only a court with jurisdiction
may render." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004).
In addition, the Seventh Circuit noted:

> When the *Rooker-Feldman* doctrine applies, there is only one proper
> disposition: dismissal for lack of federal jurisdiction. A jurisdictional
> disposition is conclusive on the jurisdictional question: the plaintiff
> cannot re-file in federal court. But it is without prejudice on the merits,
> which are open to review in state court to the extent the state's law of
> preclusion permits.

*Id.*; *see also Kenman Eng'g v. City of Union*, 314 F.3d 468, 479, 482 (10th Cir.
2002) (stating that "[t]he *Rooker-Feldman* doctrine is a *jurisdictional* prohibition"
and affirming the district court's application of the *Rooker-Feldman* doctrine and

dismissal of the case for lack of subject matter jurisdiction).

## III. CONCLUSION

Accordingly, we AFFIRM the district court's application of the *Rooker-Feldman* doctrine to dismiss Mr. Donahou's § 1983 claim.  We MODIFY the district court's judgment to reflect that all claims asserted in this action are dismissed for lack of federal jurisdiction, and as so modified the judgment is AFFIRMED.  *See* 28 U.S.C. § 2106; *Atkinson-Bird v. Utah Div. of Child & Family Servs.*, 92 Fed. Appx. 645, 648 (10th Cir. 2004) (unpublished) (modifying a district court's judgment as to application of the *Rooker-Feldman* doctrine and affirming the judgment as so modified).

Entered for the Court,

Robert H. Henry
Circuit Judge