**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EUEL DONAHOU,

      Plaintiff-Appellant,

v.

STATE OF OKLAHOMA,

      Defendant-Appellee.

No. 05-5181

(N.D. of Okla.)

(D.C. No. CV-05-432-JHP)

---

**ORDER AND JUDGMENT** [*]

---

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. [**]

---

    Plaintiff-Appellant Euel Donahou, proceeding *pro se,*[1] appeals the dismissal

of his suit against the State of Oklahoma under 42 U.S.C. § 1983, in which he

alleged a violation of his due process rights in conjunction with a domestic

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] We construe Donahou's appellate filings liberally. *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

relations matter in state court. Because we agree with the district court that we lack subject matter jurisdiction over Donahou's claim, we affirm its dismissal of the complaint. Additionally, we deny Donahou's motion to proceed *in forma pauperis*.

## I. Discussion

We review a district court's dismissal for lack of subject matter jurisdiction *de novo*. *United States v. Rodriguez-Aguirre*, 414 F.3d 1177, 1181 (10th Cir. 2005). This case represents an appeal of Donahou's fourth federal court filing regarding allegations that Oklahoma officials and courts failed to adequately take into account certain evidence in the course of his domestic relations dispute with his ex-wife. Three previous cases have been dismissed by the district court. One of the dismissals was appealed to us. *See Donahou v. Oklahoma*, 153 F. App'x 471, 472 (10th Cir. 2005) (*Donahou I*) (unpublished) (affirming the dismissal of Donahou's claims under the *Rooker-Feldman* doctrine).

In this appeal, Donahou raises the same state law claims previously dismissed by the district court and affirmed on appeal. For the reasons set forth in *Donahou I*, we affirm the district court's order of dismissal in this case. It is once again clear that Donahou impermissibly seeks to undo state court decisions by raising in federal court, constitutional issues which are inextricably intertwined with those state court judgments and thus could have been raised on direct appeal

2

in state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983) (extending the holding of *Rooker v. Fidelity Trust Co.*, 263 U.S., 413 (1923) to prohibit lower federal courts from hearing claims that are inextricably intertwined with a state court judgment). Due to the frivolity of his claim, we deny Donahou's motion to proceed *in forma pauperis*.

## II. Sanctions

In addition, we *sua sponte* bar Donahou, under penalty of sanction by this court, from filing additional appeals regarding the same subject matter as *Donahou I* and the instant appeal. *See generally Christensen v. Ward*, 916 F.2d 1462, 1469 (10th Cir. 1990) (noting this court has the power "to impose sanctions such as costs, attorneys fees and double costs for the filing of frivolous appeals, Fed. R. App. P. 38, and the inherent power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and . . . to deter frivolous filings.").

## III. Conclusion

For the reasons stated above, we AFFIRM the district court's dismissal of Donahou's complaint under the *Rooker-Feldman* doctrine, and DENY Donahou's motion to proceed *in forma pauperis*.

Entered for the Court

Per Curiam

3