FILED
United States Court of Appeals
Tenth Circuit

December 19, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

109 DERR AVENUE, LARAMIE
COUNTY, CHEYENNE, WYOMING;
508 WEST 9TH STREET, LARAMIE
COUNTY, CHEYENNE, WYOMING;
1000 WEST LEISHER ROAD, LARAMIE
COUNTY, CHEYENNE, WYOMING;
717 SOUTH 4TH STREET, ADAMS
COUNTY, BRIGHTON, COLORADO,

    Defendants.

------------------------------

DARREN MICHAEL GONZALES,

    Movant - Appellant.

No. 18-8025
(D.C. No. 2:17-CV-00019-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Proceeding pro se, Darren Gonzales appeals the district court's order denying his postjudgment motion to stay a civil forfeiture judgment.[1] For the reasons discussed below, we affirm.

**Background**

This appeal arises from the government's decision to seek an order "forfeiting to the United States all right, title, and interest in and to" several pieces of real property belonging to Gonzales. *E.g.*, R. vol. 1, 9. According to the government, the property at issue was subject to forfeiture because it was (1) involved in money-laundering transactions and (2) traceable to unlawful sales of controlled substances. *See* 21 U.S.C. § 881(a); 18 U.S.C. § 981(a)(1)(A), (C).

After the government filed its complaint in the underlying civil forfeiture proceedings, Gonzales pleaded guilty in a related criminal case to various federal offenses, including unlawfully distributing a controlled substance and money laundering.[2] As part of Gonzales's plea agreement in the related criminal case, Gonzales (1) admitted that the real property at issue in this appeal was subject to forfeiture; (2) relinquished any interest in or title to that property; and (3) waived his right to notice of any subsequent forfeiture proceedings.

After Gonzales entered his plea in the related criminal case, the government moved for judgment in the underlying civil forfeiture proceedings. The district court

---

[1] We liberally construe pro se pleadings. But we won't act as Gonzales's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[2] Gonzales's direct appeal in the related criminal case is currently pending before this court.

granted the government's motion and, on December 7, 2017, entered judgment of forfeiture ordering that the real property at issue be "condemned, forfeited[,] and vested in the United States of America." R. vol. 1, 44.

More than three months later, in March 2018, Gonzales filed a motion to stay the district court's civil forfeiture judgment pending resolution of his direct appeal in the related criminal case.[3] On March 26, 2018, the district court denied Gonzales's motion to stay the civil forfeiture judgment, concluding that Gonzales failed to present any "explanation or authority" that might justify such a stay. *Id.* at 67. Eight days later, on April 3, 2018, Gonzales filed a notice of appeal designating the district court's March 26, 2018 order.

## Analysis

### I.	The Scope of Our Review

Before turning to the merits of Gonzales's arguments on appeal, we must assure ourselves that we have jurisdiction to consider those arguments. *See KCOM,*

---

[3] On the same date, Gonzales also filed a request for bill of particulars and a motion to release transcripts in the civil forfeiture proceedings. Although the district court indeed denied similar motions that Gonzales filed in the related criminal case, Gonzales's opening brief fails to provide a citation to the record demonstrating the district court ruled on the motions he filed in the civil forfeiture proceedings that are the subject of this appeal. And we see no indication that it did. Accordingly, to the extent we could construe Gonzales's brief as challenging the district court's purported rulings on these motions, we decline to address his arguments. *See* 10th Cir. R. 28.2(C)(2) ("For each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on."); *Singleton v. Wulff,* 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

*Inc. v. Emp'rs Mut. Cas. Co.*, 829 F.3d 1192, 1196 (10th Cir. 2016) (noting our "obligation to examine our own subject matter jurisdiction").

"This court has jurisdiction only to review district court judgments from which a timely notice of appeal has been filed." *Lebahn v. Owens*, 813 F.3d 1300, 1304 (10th Cir. 2016). In most civil cases, the appealing party must file a notice of appeal "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). But when the United States is a party to the action, the deadline for filing a notice of appeal is 60 days instead. *See* Fed. R. App. P. 4(a)(1)(B). Further, Rule 4(a)(4) provides that certain timely filed postjudgment motions will toll that 60-day period. *See* Fed. R. App. P. 4(a)(4) (stating that if party timely files one of several enumerated motions, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion").

Here, the district court entered its civil forfeiture judgment on December 7, 2017. Gonzales didn't appeal that order. Instead, more than three months later, Gonzales filed his March 2018 motion to stay. The district court appropriately construed that motion as arising under Rule 60 of the Federal Rules of Civil Procedure. *See United States v. Rodriguez-Aguirre*, 414 F.3d 1177, 1182 (10th Cir. 2005) ("[A]n attack on the sufficiency of [a] prior forfeiture complaint[] and judgment[] . . . must be brought in a Rule 60(b) motion."). And a Rule 60 motion will toll the time for filing an appeal—but only if that motion "is filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi).

4

Because Gonzales filed his March 2018 motion more than 28 days after the district court entered its December 7, 2017 civil forfeiture judgment, the former came too late to toll the time for appealing the latter.[4] *See* Fed. R. App. P. 4(a)(4)(A)(vi); *Lebahn*, 813 F.3d at 1304. And that means Gonzales's April 3, 2018 notice of appeal is timely only as to the district court's March 26, 2018 order denying his motion to stay; that notice of appeal isn't timely as to the district court's December 7, 2017 civil forfeiture judgment.[5] Thus, to the extent that Gonzales's opening brief attempts to challenge the district court's December 7, 2017 civil forfeiture judgment, we lack jurisdiction to consider his arguments. Instead, our review is limited to the district court's March 26, 2018 order denying Gonzales's motion to stay. *See Lebahn*, 813 F.3d at 1304–05. We turn next to that order.

## II.    The District Court's March 26, 2018 Order

We review the district court's order denying Gonzales's Rule 60(b) motion for abuse of discretion, "keeping in mind that Rule 60(b) relief is extraordinary and may

---

[4] Because Gonzales doesn't suggest that his request for a bill of particulars or his motion to release transcripts tolled the time for filing his notice of appeal under Rule 4(a)(4)(A), we decline to address that possibility. *See supra* note 3; *Raley v. Hyundai Motor Co.*, 642 F.3d 1271, 1275 (10th Cir. 2011) ("It is the appellant's burden, not ours, to conjure up possible theories to invoke our legal authority to hear her appeal.").

[5] In his reply brief, Gonzales suggests that we should equitably toll the 60-day deadline because—according to Gonzales—he didn't receive timely notice of the district court's December 7, 2017 civil forfeiture judgment. But "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Because we have "no authority to create equitable exceptions to jurisdictional requirements," we must reject this argument. *Id.*

5

only be granted in exceptional circumstances." *Id.* at 1306 (quoting *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011)). For instance, a court may grant a Rule 60(b) motion (1) in light of "mistake, inadvertence, surprise, or excusable neglect"; (2) based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; or (3) on the basis of "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1)–(3). Notably, because a Rule 60(b) motion isn't "a substitute for an appeal," our review of an order denying such a motion "is meaningfully narrower than review of the merits of a direct appeal." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (first quoting *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004); then quoting *Amoco Oil Co. v. EPA*, 231 F.3d 694, 697 (10th Cir. 2000)).

Here, Gonzales argued below that the district court should stay the forfeiture order because (1) Gonzales didn't have an attorney and lacked notice of the civil forfeiture proceedings; (2) the related criminal case "did not address" the property at issue in the civil forfeiture proceedings; (3) he received ineffective assistance of counsel in the related criminal case; and (4) the government failed to prove the property at issue in the civil forfeiture proceedings was "traceable to the criminal behavior" that gave rise to the related criminal case. R. vol. 1, 45.

But as the district court pointed out in denying Gonzales's motion to stay, Gonzales "admitted as part of his plea agreement" in the related criminal case that the property at issue in the civil forfeiture proceedings was "involved in money

6

laundering." *Id.* at 67. Further, the record demonstrates that Gonzales was represented by counsel when he entered his plea in the related criminal case. And Gonzales had no constitutional right to counsel in the underlying civil forfeiture action. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). Moreover, even assuming that Gonzales received ineffective assistance of counsel in the related *criminal* case, he failed to direct the district court's attention to any "authority" that might "support[]" granting a stay on this basis in the *civil* forfeiture proceedings. R. vol. 1, 67. Notably, Gonzales likewise fails to identify any such authority on appeal. *Cf.* Fed. R. App. P. 28(a)(8)(A). Finally, to the extent that Gonzales argues he received inadequate notice of the government's December 5, 2017 motion for judgment and the district court's December 7, 2017 civil forfeiture judgment, he overlooks the fact that he waived his right to such notice as part of his plea agreement in the related criminal case.

Under these circumstances, we conclude the district court didn't abuse its discretion in denying Gonzales's motion to stay. *See Lebahn*, 813 F.3d at 1306 (explaining that district court abuses its discretion only if its decision is "arbitrary, capricious, whimsical, or manifestly unreasonable" (quoting *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1181 (10th Cir. 2000))).

### Conclusion

Because Gonzales's untimely postjudgment motion to stay didn't toll the deadline for appealing the district court's judgment of forfeiture, we lack jurisdiction to entertain Gonzales's challenges to that judgment. Moreover, the district court

7

didn't abuse its discretion in denying Gonzales's postjudgment motion to stay the civil forfeiture proceedings, which the court properly construed as a Rule 60(b) motion. Accordingly, we affirm the district court's order denying that motion.

Entered for the Court


Nancy L. Moritz
Circuit Judge